UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 5:21-cr-00033-LCB |
| | § | |
| REGINALD DEON SLOAN. | § | |

## OPINION & ORDER

Defendant Reginald Deon Sloan has filed a motion to withdraw his guilty plea (Doc. 34) and a motion to dismiss the indictment (Doc. 53). In his motions, Defendant claims that his attorney misled him regarding the elements of 18 U.S.C. § 922(g)(1) and that this Court lacks jurisdiction over his case. Of note, three separate attorneys have represented Defendant, and he now appears *pro se*. For the following reasons, the Court finds Defendant's arguments lack merit and accordingly **DENIES** both motions.

I.  **BACKGROUND**

Between 1995 and 2009, in the Circuit Court of Madison County, Alabama, Defendant was convicted twice for robbery in the second degree and once for unlawful possession of a controlled substance—all felonies. (Doc. 1 at 1−2.) On February 6, 2019, August 27, 2019, and December 22, 2019, law enforcement found Defendant in possession of a firearm. (Doc. 1 at 1−3.) As a result of those discoveries, in February 2021, a grand jury returned a three-count indictment against Defendant for the aforementioned § 922(g)(1) violations. (Doc. 1.)

Until June 10, 2021, Defendant was represented by the Office of the Federal Public Defender in this case. (Docs. 15, 17.) On June 9, 2021, Joshua Paul Jones began representing Defendant. (Doc. 14.) In January 2022, citing a conflict of interest, Jones filed a motion to withdraw after Defendant filed a complaint with the Alabama State Bar regarding allegations related to Jones's representation of Defendant. (Doc. 23.) The Court granted that motion (Doc. 25), and appointed Paul Woodfin, III, as counsel for Defendant on February 2, 2022, under the Criminal Justice Act (Doc. 26).

Count One stated that on February 6, 2019, Defendant, a convicted felon, knowingly possessed a firearm. (Doc. 1 at 1.) Defendant signed a plea agreement wherein he agreed to plead guilty to Count One of the indictment in exchange for dismissal of Counts Two and Three. (Doc 31 at 1.) On May 10, 2022, Defendant entered that guilty plea, and he admitted to the Court that he had committed the crime of which he was accused. (Hr'g Tr. at 18.) Roughly two weeks later, Defendant filed a *pro se* motion to withdraw his guilty plea. (Docs. 34 and 35.) Defendant then filed a motion for leave to appear *pro se*. (Doc. 38.) The Court held two *ex parte* hearings with Defendant and Woodfin to discuss Woodfin's representation and Defendant's request to appear *pro se*. (Doc. 58 at 2.) Following those hearings, Defendant filed another motion to appear *pro se*, claiming that he had suffered ineffective assistance of counsel. (Doc. 51.) Defendant also filed a *pro se* motion to dismiss the indictment.

(Doc. 53.) Shortly thereafter, Woodfin filed a motion to withdraw, claiming that he and Defendant had an "irretrievable breakdown in communication" and that Defendant essentially refused to discuss the case with Woodfin. (Doc. 54.)

On August 24, 2022, the Court held a *Faretta*[1] hearing, where Defendant was placed under oath and advised of the risks and disadvantages of self-representation. (Doc. 58 at 3.) Defendant requested new counsel, but the Court denied his request, finding that Woodfin had provided competent representation and thus that Defendant could not demonstrate good cause. (Doc. 58 at 4.) Defendant then reiterated his desire to forego representation; having found that Defendant's waiver of the constitutional right to counsel was both knowing and voluntary, the Court granted Defendant's motions. (Doc. 58 at 5.) However, the Court ordered Woodfin to remain as "standby counsel," thereby denying his motion to withdraw. (Doc. 58 at 5.)

On January 31, 2023, the Court held a hearing on Defendant's motion to withdraw his guilty plea and his motion to dismiss the indictment.

## II.  LEGAL STANDARD

Unless a court rejects a plea agreement, a defendant may only withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In determining whether the defendant has met [that] burden, the district court may consider the totality of the

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988) (citation omitted). Factors include: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (internal citation omitted).

## III. DISCUSSION

### A. Motion to Withdraw Guilty Plea

The crux of Defendant's argument for withdrawing his guilty plea is that he was misinformed regarding the elements of § 922(g)(1).[2] In order to convict a defendant under that statute, the government must prove, beyond a reasonable doubt, that (1) the defendant knowingly possessed a firearm; (2) at the time of possession, the defendant knew he had been previously convicted of a crime punishable by imprisonment for more than one year; and (3) the firearm traveled in or affected interstate commerce. *See United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020); *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Defendant claims that

---

[2] Defendant raises other arguments, but the Court does not address them because, frankly, they are nonsensical. (Doc. 35 at 1–5). Moreover, at the hearing on January 31, 2023, the only argument Defendant raised was that regarding the elements of § 922(g)(1). (Hr'g Tr. at 5–15.)

he did not "know" the firearm found on him had moved in interstate commerce,[3] so the government did not meet its burden on that element. (Doc. 35 at 2.)

After considering the circumstances surrounding Defendant's guilty plea, the Court finds that he has not shown a fair and just reason justifying a withdrawal. Defendant was represented by Woodfin when he signed the plea agreement and when he pleaded guilty, and the Court finds that the record demonstrates that Woodfin provided adequate representation. In its previous order following the multiple hearings to discuss Woodfin's representation, the Court stated that Woodfin had "maintained the obligation to advise [D]efendant on the best course of action he believed [D]efendant should follow based on [D]efendant's stiutation and counsel's knowledge of the law and experience." (Doc. 58 at 4.) Moreover, at Defendant's change of plea hearing, when the Court asked Defendant whether he had had enough time to consult with Woodfin regarding the charges against him and whether he was fully satisfied with Woodfin's representation and advice, Defendant responded in the affirmative. (Hr'g Tr. at 5.)

The Court also finds that Defendant's plea was knowing and voluntary. At the change of plea hearing, the Court told Defendant that he had the "right to stand on [his] plea of not guilty." (Hr'g Tr. at 5.) Defendant responded that he understood.

---

[3] The firearm found on Defendant's person on February 6, 2019, was not manufactured in the state of Alabama, so it has traveled interstate—a fact that Defendant does not dispute. (Doc. 31 at 3.)

(Hr'g Tr. at 6.) The Court later asked Defendant if he and Woodfin discussed all the terms in the plea agreement and if he understood them. (Hr'g Tr. at 16.) Again, Defendant responded in the affirmative. (Hr'g Tr. at 16.) Before the Court took Defendant's pleading, it asked if he heard anything during the hearing that caused him to change his mind about pleading guilty. (Hr'g Tr. at 18.) Defendant said "no." (Hr'g Tr. at 18.)

Defendant's argument that he was misinformed regarding the elements of § 922(g)(1) is premised on a misinterpretation of the law. While the first two elements, as stated above, implicate a *scienter* requirement, the third—upon which Defendant bases his motion—does not; the element is jurisdictional in nature. *Rehaif*, 139 S. Ct. at 2196. In other words, a defendant need not have known that the firearm had traveled in or affected interstate commerce. *Id.*; *see also* Pattern Crim. Jury Instr. 11th Cir. OI O34.6 (2022).

The government correctly read the elements into the record at Defendant's change of plea hearing. (Hr'g Tr. at 8−9). If Defendant did not understand the elements of the § 922(g)(1) charge, he had ample opportunity to raise that issue not only before the hearing with Woodfin but also during the hearing. At the beginning of the proceedings, the Court told Defendant to interrupt if there was something he did not understand. (Hr'g Tr. at 3.) After the government read the elements of the crime, the Court asked Defendant if he understood what the government would have

to prove to find him guilty. (Hr'g Tr. at 9.) He said "yes." (Hr'g Tr. at 9.) The Court also asked Woodfin if he had explained the elements to his client, and he replied that he had. (Hr'g Tr. at 10.) Finally, before the Court took Defendant's plea, it asked him if he understood everything the Court had gone over with him, and he said he did. (Hr'g Tr. at 18.) Even if Defendant *actually failed* to understand the elements, despite telling the Court that he understood them, it would not have made a difference because there is no *scienter* requirement for the third element.

Based on the evidence in the record, the totality of circumstances surrounding Defendant's guilty plea do not amount to a fair and just reason demanding withdrawal.[4] Woodfin adequately represented Defendant, and Defendant, who was correctly informed of the elements for a conviction under § 922(g)(1), knowingly and voluntarily pleaded guilty to that crime.

### B. Motion to Dismiss the Indictment

A defendant who voluntarily pleads guilty with the advice of competent counsel has waived any non-jurisdictional challenges to his indictment. *United States v. Arnaiz*, 144 Fed. Appx. 27, 31 (11th Cir. 2005). As stated above, Defendant, while represented by counsel, voluntarily pleaded guilty. Amongst his many

---

[4] Because the first two *Buckles* factors weigh in favor of the Court's determination, the Court need not analyze the other two factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987); *United States v. Wright*, 2021 WL 5969544, at *2 (11th Cir. Dec. 16, 2021) ("If an appellant does not satisfy the first two factors, [the court] need not thoroughly analyze the others.").

arguments for why his indictment should be dismissed, he does claim that this Court lacks jurisdiction. (Doc. 59 at 4.) And once again, that argument relies on Defendant's misunderstanding of the law (Doc. 59 at 4.)

More specifically, Defendant bases his *attempted* jurisdictional argument on the fact that related charges are pending against him in the Circuit Court of Madison County, contending that the Fifth Amendment's double-jeopardy protections prohibit his prosecution here. (Doc. 59 at 3−4.) But under the dual-sovereignty doctrine, when a defendant, in a single act, violates the law of two, separate sovereigns, he may be tried and punished by both sovereigns. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). "States are separate sovereigns with respect to the [f]ederal [g]overnment." *Id.* at 89. As such, even if Defendant is found guilty of being a felon in possession of a firearm in both this Court and the state of Alabama's court system, then Defendant's double jeopardy rights under the Fifth Amendment will not have been violated.

## IV.  CONCLUSION

In sum, Defendant has not overcome the burden of justifying the withdrawal of his guilty plea, and there is no basis upon which to base dismissal of the indictment. The Court thus **DENIES** Defendant's motions. (Docs. 34 and 53).

**DONE** and **ORDERED** March 2, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE